*[Seal of the United States Bankruptcy Court for the District of Maryland]*

*signature: Nancy V. Alquist*

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE: <br><br> CELESTE M. BLAND <br><br> Debtor | Case No. 05-43774-NVA <br> (Chapter 13) |
| CHASE HOME FINANCE LLC <br><br> Movant <br> v. <br><br> CELESTE M. BLAND <br><br> Respondents | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY AND VACATING ORDER
TERMINATING STAY**

Upon consideration of the Motion for Relief from Automatic Stay ("Motion") filed by

Chase Home Finance LLC ("Chase") the consent of the Debtor having been given and good cause

having been shown;

1

WHEREAS, On or about August 23, 2001, the Debtor executed and delivered to Chase Manhattan Mortgage Corporation a Note in the amount of NINETY-FIVE THOUSAND ONE HUNDRED FIFTY-SIX AND 00/100 DOLLARS ($95,156.00), plus interest at the rate of 7.75% per annum, attorneys' fees, costs and late charges to be paid over thirty (30) years; and

WHEREAS, To secure the repayment of the sums due under the Note, the Debtor executed and delivered to Chase Manhattan Mortgage Corporation a Deed of Trust dated August 23, 2001, encumbering the real property ("Property") described as:

> BEING KNOWN AND DESIGNATED AS LOTS NOS. 39, 40, 41,42, AND 43, BLOCK 4, AS SHOWN ON THE PLAT OF WINDSOR TERRACE, WHICH PLAT IS FILED AMONG THE LAND RECORDS OF BALTIMORE COUNTY IN PLAT BOOK WPC NO. 6, FOLIO 180, AND ALSO FILED AMONG THE LAND RECORDS OF BALTIMORE CITY IN LIBER SCL NO. 2407, FOLIO 353. THE IMPROVEMENTS THEREON BEING KNOWN AS NO. 5525 CLIFTON AVENUE.

which has the address of 5525 Clifton Avenue, Baltimore, Maryland 212074; and

WHEREAS, the Debtor has failed to make two (2) post-petition payments in the amount of $1,040.62 for the month of July, 2006 and August, 2006 and is in arrears post-petition for $2,796.59 which amount includes $775.00 representing attorneys' fees and costs incurred by Chase in filing the Motion and provides a credit of $59.65 held in debtors suspense; and

WHEREAS, the parties desire to resolve this matter without the risks and costs of litigation.

It is by the United States Bankruptcy Court for the District of Maryland, Greenbelt Division,

ORDERED, that the automatic stay is modified as follows:

(a)  The Debtor shall cure the Arrearage by making the following payments inclusive of the fees and costs ("Arrearage Payment"):

        September 15, 2006        $446.10
        October 15, 2006         $446.10
        November 15, 2006      $446.10
        December 15, 2006      $446.10
        January 15, 2007         $446.10
        February 15, 2006       $446.10; and

(b)    In addition to curing the Arrearage, the Debtor shall resume making regular monthly payments in the amount of $1,040.62 subject to adjustment for taxes and insurance as due under the Note beginning on September 1, 2006 and continuing on the first day of each and every month thereafter until the Note is paid in full; and

(c)    All payments must be sent directly to Chase Home Finance, LLC 3415 Vision Drive Columbus, OH 43219-6009

(d)    The Order Terminating the Automatic Stay entered on July 26, 2006 docket entry no. _40_, is hereby vacated; and it is further

ORDERED, that if any of the payments described herein are not timely made, then Chase shall file and serve a Notice of Default to Debtor, Debtor's counsel and the Trustee. The Notice of Default shall contain the full amount needed to cure the default including any attorneys' fees associated with filing the notice of Default. The Debtor shall have ten (10) days ("Cure Period") from the date the Notice of Default is served to cure the default along with any payment that has become due subsequent to the Notice of Default. If the default is not cured within the cure period, Chase shall file and serve a Notice of Failure to Cure and Intent to Foreclose to Debtor, Debtor's counsel and the Trustee. The automatic stay and co-debtor stay shall then terminate and

Chase shall be authorized to immediately exercise it legal rights under applicable law as to the Property. Furthermore, the Debtor may have only one (1) cure period every twelve (12) months. Should the debtors default again within a twelve-month period, Chase shall file and serve a Notice of Second Default to Debtor, Debtor's counsel and the Trustee wherein the stay shall terminate and Chase shall be entitled to exercise its legal rights under applicable law as to the Property. Should debtor dispute the Notice of Default or Notice of Second Default and file a response within the ten (10) day cure period that states with particularity the basis for disputing the Notice of Default, then the dispute shall be set for hearing and the automatic stay and co-debtor stay shall remain in effect pending a hearing on the Notice of Default; and it is further

ORDERED, that in the event that the automatic stay is terminated, the Chapter 13 Trustee shall be relieved of any and all obligation to cure the Proof of Claim arrearage due to Movant, its successors or assigns; and it is further

ORDERED, that to the extent this case is dismissed, discharged, converted to a case under Chapter 7 or closed and payments on the Note are not contractually current, Chase may exercise its legal rights under applicable law with respect to the Property.

SEEN AND AGREED:

_/s/ _John A. Ansell_____
L. Darren Goldberg  #11845
James E. Clarke #15153
John A. Ansell, III #15880
Attorneys for the Movant
Draper & Goldberg, P.L.L.C.
803 Sycolin Road, Suite 301
Leesburg, VA 20175
(703) 777-7101

4

/s/ Deborah G. VanBergen
Deborah G. VanBergen
Law Office of D.G. Van Bergen
Crain Professional
1406 B South Crain Hwy., Ste. 104
Glen Burnie, MD 21061
Attorney for the Debtor

### CERTIFICATION

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/ ___ on this copy reference the signatures of consenting parties on the original consent order.

/s/ John A. Ansell
L. Darren Goldberg, Esquire
James E. Clarke, Esquire
John A. Ansell, III, Esquire

Copies to:

L. Darren Goldberg, Esquire
James E. Clarke, Esquire
John A. Ansell, III, Esquire
Attorneys for the Movant
Draper & Goldberg, P.L.L.C.
803 Sycolin Road, Suite 301
Leesburg, VA 20175
(703) 777-7101

Celeste M. Bland
5525 Clifton Avenue
Gwynn Oak, MD 21207
Debtor

David L. Ruben, Esquire
Law Offices of David Ruben
7310 Ritchie Highway
Suite 203
Glen Burnie, MD 21061
Attorney for the Debtor

Deborah G. VanBergen
Law Office of D.G. Van Bergen
Crain Professional
1406 B South Crain Hwy., Ste. 104
Glen Burnie, MD 21061
Attorney for the Debtor

Ellen W. Cosby, Trustee
P.O. Box 20016
Baltimore, MD 21284-0016

**End of Order**